**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

          v.                  Case No. 6:15-cr-165-Orl-40TBS
                                      (Forfeiture)

**GREGORY A. VAUGHN**

**UNITED STATES' MOTION FOR ENTRY OF
PRELIMINARY ORDER OF FORFEITURE**

The United States of America respectfully moves this Court, pursuant to Federal Rule of Criminal Procedure 32.2(b)(2), 18 U.S.C. §§ 2428, and 2253, to enter a Preliminary Order of Forfeiture, which, at sentencing, shall become a final order of forfeiture as to the defendant as to the following:

1. Apple iPhone 4, model A1349, serial number c8tkjpdndpng; and

2. HP Pavilion desktop computer, model s3700y, serial number mxu90502c6.

In support of its motion, the United States submits the following memorandum of law.

**MEMORANDUM OF LAW**

**I.    Statement of Facts**

1. On July 15, 2015, a three count Indictment was returned. Doc. 17. Count One charged the defendant with enticement of a minor, in violation of 18 U.S.C. § 2422(b). Count Two charged the defendant with production of child pornography, in violation of 18 U.S.C. § 2251(a). Count Three charged the

defendant with receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B). The indictment also put the defendant on notice that the United States sought the forfeiture of any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the offense and any property, real or personal, used or intended to be used to commit or to promote the commission of the offense. *Id.* at 3-4.

      2.      On September 22, 2015, the United States filed a Notice of Maximum Penalty, Elements of Offense, Personalization of Elements and Factual Basis. Doc. 30. The pleading also noticed the defendant that the United States would be seeking to forfeit the above-referenced electronic equipment. *Id.* at 3.

**II.**    **Applicable Law**

The Court's authority to order criminal forfeiture for violations of 18 U.S.C. § 2422(b) is founded upon 18 U.S.C. § 2428. Section 2428 provides that, "a person who is convicted of an offense under this chapter . . . shall forfeit to the United States such person's interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violation. . . ."

In addition, the Court's authority to order criminal forfeiture for violations of 18 U.S.C. §§ 2251(a) and 2252A(a)(2)(B) is founded upon 18 U.S.C. § 2253. Section 2253 provides, in relevant part, that a person who is convicted of a violation of section 2251(a) shall forfeit to the United States his interest in any visual depiction; any property, real or personal, constituting or traceable to gross

profits of the offense; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

Rule 32.2(b)(1) requires that if the United States seeks the forfeiture of specific property, the Court must determine whether the United States has established the requisite nexus between the property and the offense.   In so doing, the Court makes both a factual determination regarding the sufficiency of the nexus between the offense and the property sought for forfeiture, and a legal finding as to what property is subject to forfeiture.

The Factual Basis, which was established in the Notice of Maximum Penalty, Elements of Offense, Personalization of Elements and Factual Basis, reveals an online relationship between the defendant and a minor identified as "AK."   Factual Basis at 4.   The Factual Basis further establishes that the above-referenced phone and computer were used to facilitate the offenses to which the defendant pled guilty.

Emails between the defendant and AK appeared to groom AK to send nude photographs. *Id.* at 5. The defendant offered to pay AK in exchange for nude photographs. AK emailed nude photographs to the defendant.   *Id.*   The defendant sent AK several nude photographs of himself and videos of him pretending to have sex with AK.   *Id.* at 6.   AK and the defendant "Skyped" on numerous occasions.   AK informed the defendant of her age.   *Id.*   AK called the

defendant on his cellular telephone identified as 407-xxx-xxxx.  *Id.* This number is associated with the Apple iphone 4.  *Id.* at 9.

Douglas County Sheriff's Office Detective Shawn Cronce obtained a signed consent from CW to search AK'S cellular telephone.  *Id.* at 6.  During the search of the telephone, Detective Cronce located a contact identified as the defendant in AK'S telephone contacts with a telephone number of 407-xxx-xxxx and an e-mail of yourxxxx@hotmail.com.  *Id.* at 6-7.

The defendant's cell phone and computer were searched pursuant to a state search warrant.  The agents were able to recover child pornography images of AK and other children from the defendant's HP Pavilion desktop computer, model s3700y, serial number mxu90502c6.  *Id.*

These facts establish that there is a sufficient nexus between the electronic equipment, and the crimes of conviction.  Therefore, the United States is entitled to forfeiture of the subject electronic equipment.  If the Court finds that the United States has established the requisite nexus between the property sought for forfeiture and the violation charged in Counts One through Three of the Indictment, then it is appropriate for the Court to enter a Preliminary Order of Forfeiture, forfeiting to the United States all right, title, and interest in the electronic equipment in accordance with 18 U.S.C. §§ 2428, 2253, and Rule 32.2(b)(2).

Lastly, pursuant to Rule 32.2(b)(4), at sentencing, "the [preliminary] order of forfeiture becomes final as to the defendant and must be made a part of the sentence and be included in the judgment." *See United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

### III.    Conclusion

WHEREFORE, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture, pursuant to 18 U.S.C. §§ 2428, 2253, and Federal Rule of Criminal Procedure 32.2(b)(2), forfeiting to the United States all right, title, and interest in the above-referenced electronic equipment.

The United States further requests that the order of forfeiture become final as to the defendant at sentencing.

Upon issuance of the Preliminary Order of Forfeiture, the United States will provide written notice to all third parties known to have an alleged legal interest in the property and will publish notice on the Internet at www.forfeiture.gov of its intent to forfeit the property.   Determining whether a third party has any interest in the property must be deferred until a third party files a claim in an ancillary proceeding under Rule 32.2(c).

As required by Federal Rule of Criminal Procedure 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and in the judgment.   *See* Fed. R. Crim. P. 32.2(b)(4)(B) and *United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

The United States further requests that the Court retain jurisdiction to address any third party claim that may be asserted in these proceedings, and to enter any further order necessary for the forfeiture and disposition of such property.

                              Respectfully submitted,

                              A. LEE BENTLEY, III
                              United States Attorney

By:   *s/Anita M. Cream*
        ANITA M. CREAM
        Assistant United States Attorney
        Florida Bar Number 56359
        400 North Tampa Street, Suite 3200
        Tampa, Florida  33602
        (813) 274-6000 – telephone
        (813) 274-6220 – facsimile
        E-mail: anita.cream@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Maria Guzman, Esquire

                              *s/Anita M. Cream*
                              ANITA M. CREAM
                              Assistant United States Attorney