**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                                                          **Case No. 6:15-cr-165-Orl-40TBS**

**GREGORY VAUGHN,**

    **Defendant.**
_____/

**SENTENCING MEMORANDUM OF GREGORY VAUGHN**

    The Defendant, Gregory Vaughn, by and through his undersigned attorney, respectfully submits his sentencing memorandum. His case is set for sentencing before this Honorable Court on March 9, 2016. This memorandum is being filed for the Court's consideration. This memorandum is not all-inclusive as documents are being filed under seal. As a result, Mr. Vaughn reserves the right to orally argue in mitigation at the time of sentencing.

    By way of this motion, however, Mr. Vaughn specifically asks this Court to consider a downward variance from the suggested sentencing guidelines. A proposed Presentence Investigation Report (hereinafter referred to as PSR) was prepared for the Court's review. The suggested guidelines suggest a sentence of 235 to 293 months' imprisonment. Mr. Vaughn, is asking this Court to determine that a sentence of 15 years is sufficient but not greater than necessary to accomplish the goals of federal sentencing in this case. 15 years is a severe sentence that would satisfy the needs for deterrence and protection of the community

1

in this case.

## PRESENTENCE INVESTIGATION REPORT

A Presentence Investigation Report ("hereinafter PSR") has been prepared for this Court's review. It suggests a sentence of 235 to 293 months' imprisonment. (PSR, p. 14). The statutory minimum sentence required by law for this offense is 15 years. (PSR, p. 14).

Mr. Vaughn has fully accepted his responsibility in this case. His remorse is genuine and he has accepted the fact that he will be imprisoned for at least 15 years, a very severe sentence. (PSR, p. 8) Mr. Vaughn was cooperative with law enforcement at the time of his arrest. (PSR, p. 7) This is a factor that the Court can use in determining a reasonable sentence.

Mr. Vaughn is 58 years old and has no criminal history. (PSR, p. 10) If sentenced to a 15 year term of imprisonment, he will be 73 years old at the time of his release.

## CURRENT FEDERAL SENTENCING LAW
## AND REQUEST FOR VARIANCE

Because the Sentencing Guidelines are now advisory, and a guidelines range may not even be presumed to be reasonable, the Court must examine each case under the directives of 18 U.S.C. § 3553(a) to impose "a sentence sufficient, but not greater than necessary" to meet the objectives of sentencing. 18 U.S.C. § 3553(a); *see also United States v. Booker*, 543 U.S. 220 (2005); *Kimbrough v. United States*, 552 U.S. 85 (2007). Relevant to this case, § 3553(a) directs the Court to consider (1) the nature and circumstances of the offense and the history and characteristics of the offender; (2) the need to impose a sentence that: reflects the seriousness of the offense, promotes respect for the law and provides just punishment for the

2

offense, affords adequate deterrence, and protects the public from further crimes of the defendant; and (3) the need to avoid unwarranted disparity among defendants who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(1-2,6).

This Court is well aware of its discretion in any federal case to provide a reasonable sentence that is sufficient but not greater than necessary to effectuate justice. Mr. Vaughn respectfully suggests that a sentence of 15 years is appropriate in this case and that additional time is unwarranted.

## MITIGATION

Mr. Vaughn has filed a report by Dr. Jacquelyn Olander under seal for the Court's review. This report has been hand-delivered to the Government. Mr. Vaughn reserves the right to discuss Dr. Olander's findings at the time of his sentencing hearing in support of his request for a 15 year sentence. In addition, as an attachment to this memorandum, Mr. Vaughn is providing a polygraph report completed by Larry Jerald. (Attachment 1). This report indicates that Mr. Vaughn passed a polygraph when questioned about engaging in sexual contact with a child. He denied such contact. (Attachment 1)

Members of Mr. Vaughn's family will be providing the Court with letters on his behalf. Despite the matters for which he has accepted responsibility, Mr. Vaughn still retains the support of his family, including his daughters. Upon release from imprisonment, it is anticipated that his family will offer him support to re-integrate into society. As previously, noted, Mr. Vaughn would be in his 70's upon release .Family support will be very important as he re-enters society.

Mr. Vaughn asks this Court to note that despite his actions in this case he has many decent qualities as an individual. He has raised a family and engaged in gainful employment. (PSR, p. 10-12). With regret, his childhood was not stable and he endured a life of neglect and abuse. (PSR, p. 11). Dr. Olander has suggested that she believes this tumultuous childhood resulted in many of Mr. Vaughn's psychological and emotional disorders.

Mr. Vaughn had an alcoholic abusive father and a mother that would not protect nor advocate for her son. (PSR, p. 11). At the age of 10 he was at the center of a bitter custody battle when his parents divorced. (PSR, p. 11). When his mother remarried, his stepfather controlled and belittled him. (PSR, p. 11) These are all factors that Dr. Olander believes contributed to Mr. Vaughn's lack of self-esteem and self-worth. Again, Mr. Vaughn reserves the right to more fully articulate these matters at the time of sentencing after the Court has been able to review Dr. Olander's report.

Mr. Jerald's report is also noteworthy because it concludes that Mr. Vaughn was truthful in relating that he has never inappropriately touched a child. (Attachment 1). The charges for which Mr. Vaughn has accepted responsibility involve a computer to engage in inappropriate communications. However, there is no evidence to suggest that Mr. Vaughn ever actually engaged in sexual interaction with any minor. Mr. Vaughn is not seeking to minimize or justify his actions in this case. However, this fact is important for the Court's determination of an appropriate sentence. Mr. Vaughn is facing 15 years for behavior resulting from computer use. This is a harsh punishment that he has accepted by way of his

plea of guilty to the charges. Mr. Vaughn is asking this Court to assess that such a punishment is sufficient without imposing additional time as suggested under the advisory guidelines. (PSR, p. 8-9)

## IMPRISONMENT

Mr. Vaughn is going to prison for an extended period of time. That is not in question. The minimum mandatory sentence in this case is 15 years. The advisory guidelines suggest a sentence in excess of 15 years taking into account a series of enhancements that include a two-level increase for use of a computer. (PSR, p. 9) Mr. Vaughn would suggest that this two-level enhancement in this case is duplicitous since it is the basis of federal jurisdiction in this case. Some courts in this district have previously noted that increasing the guidelines based on the use of a computer is unnecessarily harsh. If the Court did not include the two-levels for use of a computer in this case, Mr. Vaughn's guidelines would be reduced to 188-235 months' imprisonment. A sentence of 188 months' essentially provides for the minimum mandatory sentence in this case.

Everyone can agree that a 15 year sentence is a severe punishment. Mr. Vaughn is 58 years old. He will be in his 70's upon release. He will have missed seeing his children develop into adults and likely having families of their own. He will have paid a terrible price for grave actions. However, there is no evidence that he has physically touched a child inappropriately and Dr. Olander's report details a man derailed by childhood neglect and abuse. These are all factors that this Court can review in determining that a 15 year sentence is more than sufficient to punish Mr. Vaughn and provide this community with

deterrence and protection.

        Respectfully submitted,

        Donna Lee Elm
        Federal Defender

        /s/ *Maria Guzman*
        Maria Guzman
        Assistant Federal Defender
        Florida Bar Number 053325
        201 South Orange Avenue, Suite 300
        Orlando, Florida   32801
        Telephone 407-648-6338
        Facsimile 407-648-6095
        E-Mail: maria_guzman@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that the undersigned attorney filed the foregoing *Sentencing Memorandum* with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to Ilianys Miranda, Assistant United States Attorney, Orlando Division, this 2nd day of March, 2016.

        /s/ *Maria Guzman*
        Maria Guzman
        Assistant Federal Defender