UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

     Plaintiff,

v.                                                                    CASE NO: 6:15-cr-165-Orl-40TBS

GREGORY VAUGHN

     Defendant.

_____

## REPORT AND RECOMMENDATION

     Pending before the Court is the United States' Motion for Final Order of

Garnishment (Doc 95). Upon due consideration, I respectfully recommend that the motion

be **GRANTED**.

## I. Background

     Pursuant to the Federal Debt Collection Procedures Act ("FDCPA"), the United

States filed an Application for Writ of Garnishment directed to Garnishee, Florida State

Board of Administration ("FSBA") (Doc. 87). The United States alleged that it holds an

unsatisfied judgment against Defendant Gregory Vaughn (Doc. 87, ¶¶ 1-2), and that the

FSBA may be in possession of substantial nonexempt property belonging to or due to Mr.

Vaughn (Id., ¶ 5). The application was granted (Doc. 88), and the Clerk issued the Writ

(Doc. 89). Mr. Vaughn was served with the Writ and accompanying papers on March 15,

2019 (Doc. 93). He has not filed any written objections and has affirmatively stated that

he does not request a hearing on this matter (Doc. 94). See 28 U.S.C. § 3205(c)(5). The

FSBA answered the Writ stating that it has in its custody and control Mr. Vaughn's FRS

Investment Plan account, which–as of February 12, 2019–is valued at approximately

$41,474.90 (Doc. 91). The United States now seeks, pursuant to 28 U.S.C. § 3205(c)(7),

entry of a Final Order of Garnishment requiring FSBA to pay it $7,679.77 from Mr. Vaughn's FRS Investment Plan to be applied to Mr. Vaughn's outstanding restitution balance.

## II. Discussion

The FDCPA, 28 U.S.C. § 3001 *et seq.*, "provides the exclusive civil procedures for the United States to obtain satisfaction of a judgment in a criminal proceeding that imposes a fine, assessment, penalty, or restitution." United States v. Peters, 783 F.3d 1361, 1363 (11th Cir. 2015) (citations omitted). The FDCPA gives the United States several remedies to satisfy a judgment, including garnishment. See Id.; 28 U.S.C. §§ 3202, 3205. Section 3205 states that the "court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a).

Here, the Government has complied with the provisions of §§ 3202 and 3205; all items required by statute have been prepared, filed with the court, and served on the judgment debtor and the garnishee. Mr. Vaughn did not file objections to the Writ of Garnishment and he has not requested a hearing. Title 28 U.S.C. § 3205(c)(7) provides that if no hearing is requested within twenty (20) days after the defendant receives the garnishee's answer to the Writ, the Court may enter an order directing the garnishee as to the disposition of the judgment debtor's interest in the property. Because no objections have been filed and the Writ is otherwise in order, it is appropriate for the Court to enter a Final Order of Garnishment against $7,679.77 of Mr. Vaughn's interest in the FRS Investment Plan.

### III. Recommendation

Now, I respectfully recommend that:

(1) The United States' motion be **GRANTED**.

(2) The FSBA as Garnishee be ordered to pay $7,679.77 from Mr. Vaughn's FRS Investment Plan account to the United States to be applied toward his outstanding restitution judgment.

(3) That the FSBA be ordered to make the payment payable to "Clerk, United States District Court," and mailed to:

> Clerk, United States District Clerk
> ATTN: DCU
> 401 West Central Boulevard, Suite 1200
> Orlando, Florida 32801
>
> The check should bear the notation "Gregory Vaughn, Case No. 6:15-cr-165-Orl-40TBS."

### IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on April 23, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

> Presiding United States District Judge
> Counsel of Record
> Gregory Vaughn